3

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE: ) NO: 10-40420-A-7
)
) DC No.: SLF 10
CONRAD HS HUNZIKER, II, )
) **MOTION FOR AUTHORIZATION TO**
) **SELL BOAT AT PUBLIC AUCTION**
Debtor. )
) **Date: October 24, 2011**
) **Time: 10:00 a.m.**
) **Place: Department A**
) **The Honorable Michael S. McManus**
)
)
_____)

      Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell a 2006 Sea Ray Boat & Trailer, license number CF0688RK (the "Boat") at public auction. The Trustee believes the proposed sale of the Boat is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

      The Trustee represents the following:

      1.     On July 31, 2010, the Debtor filed this case. Gary R. Farrar was appointed Chapter 7 Trustee.

      2.     In his Amended Schedules filed on February 22, 2011, the Debtor scheduled a 2006 Sea Ray Boat & Trailer, license number CF0688RK (the "Boat"), which he

valued at $25,000.00, and did not claim any exemption in it.

3. The Boat has been delivered for auction to Ernst & Associates Auctioneers, Inc. ("Ernst"), P.O. Box 3251, Modesto, California 95353. (Farrar Decl., ¶ 3).

4. The Debtor did not schedule any liens against the Boat and the Trustee is unaware of any liens. (Farrar Decl., ¶ 4).

5. Ernst informed the Trustee that the Boat will likely sell at auction for at least $12,500.00. (Farrar Decl., ¶ 5).

### SALE OF THE BOAT AT PUBLIC AUCTION

6. The Trustee believes, based on his knowledge and on Ernst's evaluation of the Boat, that there is equity in the Boat and a sale of the Boat at public auction is the best method of liquidating it for the benefit of the estate. (Farrar Decl., ¶ 6).

7. The Trustee is filing, concurrently with this motion, an application to employ Ernst.

8. The Trustee believes that by using an auction process, the Boat will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Ernst engages in extensive advertising, including highway billboards, television, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Farrar Decl., ¶ 7).

9. If the Court approves this Motion, the Trustee intends to sell the Boat at public auction at Ernst's first available auction date. The Boat will be sold on an "AS IS" basis without any warranty. The proposed public sale will be held on the first available Saturday after the Court approves this motion, at 9:00 a.m. at Ernst, located at 824 Kiernan Avenue, Modesto, California 95356. Interested persons may inspect the Boat at Ernst on the Friday preceding the sale between 9:00 a.m. and 4:00 p.m. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning Ernst, at (209) 527-7399. (Farrar Decl., ¶ 8).

10. The Trustee intends to accept the highest reasonable bid. If, in the exercise of the Trustee's business judgment, no reasonable bid is received, the Boat may be held for

subsequent auction or private sale without additional notice. (Farrar Decl., ¶ 9).

11. The Trustee believes the sale of the Boats at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Farrar Decl., ¶ 10).

## AUCTIONEER COMPENSATION

12. As is noted in the accompanying application to employ Ernst, the Trustee requests authorization to pay Ernst a 12 percent commission and to reimburse Ernst for reasonable expenses directly from the proceeds of sale, and for Ernst to collect a 15 percent buyer's fee directly from the buyer. The Trustee believes that this is a customary practice for the auction sale of personal property and one which encourages the use of auction professionals to assist with bankruptcy sales of property. The Trustee will file a report of the sale with the Court. (Farrar Decl., ¶ 11).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Boat at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (12 percent seller's commission, reimbursement of reasonable expenses, and 15 percent buyer's fee), and that it grant such other and further relief as is appropriate.

Dated: September 21, 2011          THE SUNTAG LAW FIRM
                                   A Professional Corporation


                                   By: /s/ Dana A. Suntag
                                       DANA A. SUNTAG
                                       Attorneys for Chapter 7 Trustee
                                       GARY R. FARRAR